■ In the Matter of NOEL L. SMITH, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to review a determination of respondent which censured and reprimanded petitioner for professional misconduct in practicing medicine.

Petitioner, a physician licensed to practice medicine in New York, brought this CPLR article 78 proceeding to annul respondent's determination finding petitioner guilty of practicing the profession of medicine with negligence on more than one occasion (see, Education Law § 6509 [2]) and imposing a penalty of censure and reprimand.

Initially, we reject the contention that there is not substantial evidence in the record to support the findings that (1) following the November 18, 1985 surgery on patient A, petitioner was negligent in failing to appreciate the seriousness of patient A's condition and the need for exploratory surgery, and (2) petitioner was negligent in performing additional procedures on patient B that were not medically indicated at the time of the March 9, 1986 surgery to control gastrointestinal bleeding (see, Matter of Gandianco v Sobol, 171 AD2d 965, 967). The evidence showed that, following gastric banding surgery, patient A suffered substantial gastric distention, shortness of breath and a rapid pulse, was toxic and had a white blood cell count of approximately 20,000. Patient A was transferred to intensive care and a subsequent gastrographin study demonstrated a likely gastric leak. Petitioner elected to treat patient A's symptoms conservatively, in an effort to preserve the gastric banding, and emergency surgery was performed only after the intervention and at the direction of Myron Jacobson, the hospital's chief of thoracic surgery. Jacobson and Howard Nay, a vascular surgeon, each testified that it was improper for petitioner to continue conservative treatment and that emergency surgery was required to locate and treat the perforation in patient A's gastric pouch.

Concerning patient B, the evidence showed that petitioner performed emergency surgery to locate the source of abdominal bleeding and correct the condition. He elected to perform at the same time an intraoperative cholangiogram, a common bile duct exploration and choledochoscopy, and a Roux-en-y cholecystojejunostomy, procedures which consumed the majority of the six-hour surgery. Nay testified that petitioner's decision to perform such procedures during the emergency surgery on such a seriously ill patient was not in conformance with generally accepted standards of medicine.

We further reject the contention that Nay, a vascular surgeon who devoted approximately 70% of his practice to general abdominal surgery and assisted in several gastric banding operations, was not qualified to render expert opinions because he had not personally performed the gastric banding procedure (see, Matter of Enu v Sobol, 171 AD2d 302, 304-305). Finally, given the nature of petitioner's conduct and the threat that his erroneous medical judgment posed to patients A and B, the penalty of censure and reprimand is by no means so disproportionate to the offense as to shock one's conscience (see, Matter of Gandianco v Sobol, supra).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.